BLAIN *v.* HOME INS. CO. OF NEW YORK.

*(Circuit Court, S. D. Georgia, E. D. January 29, 1887.)*

1. COSTS—TAXATION—JURISDICTION—ENTRIES OF RECORD.
   Where the court has acted upon the pleadings in a cause pending, by interlocutory order or final judgment, or where its officers have performed services, the validity of which depends upon its jurisdiction, everything necessary to show jurisdiction and the regularity of the proceedings should be entered upon the final record.
2. SAME—DISMISSAL BY CONSENT—REMOVAL OF CAUSES.
   Where a common-law action, commenced in a state court, and removed into this court, is referred to an auditor, and, pending the hearing before the latter, the parties agree upon a settlement, with the sanction of the court, and enter upon the minutes, "Dismissed, at defendant's costs, by consent," the process and pleadings in the state court, together with the proceedings for removal sent up in the transcript, and the proceedings in this court, should be entered upon the final record; and the charge of the clerk of 15 cents per folio for making the record is legal and proper.

*(Syllabus by the Court.)*

Action on Insurance Policy removed from state court. On motion to retax costs.

*Harry Jackson,* for the motion.

*The Clerk, in propria persona, contra.*

SPEER, J. This is an informal motion to retax costs. The record discloses the following state of facts: The plaintiff instituted his action in the state court on a policy of insurance. The cause was removed to this court, by the defendant, under the act of March 3, 1875. The case was assigned for trial at the present term of the court, but it appearing, at the threshold of the trial, that it involved the adjustment of complicated accounts, the cause was referred to an auditor. Pending the hearing before the auditor, the parties agreed upon a settlement, in pursuance of which their attorneys caused the following order to be entered of record: "Dismissed, at defendant's costs, by consent." The costs were taxed by the clerk. Counsel for defendant now objects to the following item in the bill, viz.: "For making final record, 64 folios, @ 15 cents, $9.60,"—on the grounds (1) that the cause was settled between the parties without a formal trial, and that it is unnecessary to make a record of the proceedings; (2) that even if a portion of the proceedings are to be recorded, that such formal parts as the petition, bond, and order for removal ought to be omitted, as unnecessarily incumbering the record. It was admitted that the number of folios in the record was correctly counted. I am of the opinion that the objection is not tenable.

The circuit court of the United States is a court of record,—a court to which a writ of error lies. Mr. Justice BLACKSTONE defines a court of record to be "a court where the acts and proceedings are enrolled in parchment, for a perpetual memorial and testimony." The importance of preserving the proceedings of a court in any particular case may not be apparent at the time of its determination, especially to the party hav-

ing to pay for making the record; but, as a general policy, its good effects, in making certain what has been done, are indisputable. The practice has existed as a part of the machinery of courts of record from "the time whereof the memory of man runneth not to the contrary," and its wisdom has been approved by the concurrent experience of ages. The "final record" of our courts corresponds with the "judgment record" of the common law. Section 750, Rev. St., enumerates what proceedings "only" shall be entered on the final record in equity and admiralty causes; but common-law cases are left to the general practice governing courts of equity.

In questions of *res adjudicata*, *retraxit*, and often in collateral issues, matters settled in a suit of this kind frequently spring into an importance not to be foreseen at the time of their disposition. If the making of the record depended upon the fact of the rendition of a judgment in the case, as is the practice of the state courts, it is nevertheless true that the dismissal of the case by consent of parties, under the direction of the court, at defendant's costs, was practically a judgment in favor of the plaintiff, at least for costs, and to that extent it is a judgment of record, binding upon the parties. But I do not think the state law controls the national courts in a question of this character. This court is one of limited jurisdiction, and all the facts in a case necessary to give the court jurisdiction should be shown by the record. It should appear upon the face of the record that all the orders made by the court, and the judgment of the court for costs, which in the case at bar include as well the fees of the marshal, witnesses, auditor, and attorney, as of the clerk, were made in a case properly brought in its jurisdiction, and this will not appear if the pleadings of the state court, together with the removal proceedings, are not, with the proceedings in this court, entered upon the record.

The eighth clause of section 828, Rev. St., provides that the clerk's fee for making any record shall be 15 cents for each folio. The charge is therefore legal and proper.

It is ordered that the taxation of the costs, as made by the clerk, be sustained, and the motion to retax denied.