CONSOLIDATED STORE-SERVICE CO. v. DETTENTHALER.

(Circuit Court, W. D. Michigan, S. D.    April 6, 1899.)

EQUITY PRACTICE—FINAL RECORD IN FEDERAL COURTS—WHEN REQUIRED.
    The final record in equity and admiralty causes, provided for by Rev. St. U. S. § 750, is intended to answer the purpose of the enrollment of the decree under the former chancery practice, which was primarily to provide a permanent memorial of the rights of the parties as adjudicated; and no final record is required where there has been no adjudication inter partes, except in cases where there has been an adjudication of costs to officers when the record should be made. When a bill has been dismissed voluntarily or by stipulation of the parties, and the costs are paid, no final record is required. The special enrollment provided for by rule 15 of the United States courts for the district of Michigan, to be made on request of the solicitor of either party, is in addition to the final record directed by the statute.

In Equity. On application for direction of the court in a matter of costs.

Charles W. Nichols, for complainant.

SEVERENS, District Judge. In this case, which has been dismissed by stipulation of the parties, a question is made by counsel for the complainant as to whether the case is one in which a final record should be made by the clerk, and paid for by the complainant. The

question involved is one upon which, so far as I know, no reported judicial determination has hitherto been made in this district, although it has been informally discussed and considered on several occasions. The practice has proceeded, without critical examination of the subject, upon a rather liberal interpretation of the provisions of section 750, Rev. St. U. S., and of rule 15 of the rules of the United States courts for the district of Michigan, in equity, made under the authority of general equity rule 89 and Rev. St. U. S. § 918. It will be noticed that neither section 750 of the Revised Statutes nor rule 15 extends to cases at the common law, and applies only to cases in equity and in the admiralty. Section 750 provides that "in equity and admiralty causes, only the process, pleadings, and decree, and such orders and memorandums as may be necessary to show the jurisdiction of the court and regularity of the proceedings, shall be entered upon the final record"; but rule 15, above mentioned, further provides that upon the request of the solicitor of either party the special enrollment therein mentioned shall be made and filed by the clerk, and is in addition to the final record directed by the statute. Apparently section 750 makes a provision which is generally applicable to equity and admiralty causes for the making of a final record which shall serve the purposes of the former practice of enrolling the decree in courts of chancery, and its proper construction should be made upon due regard to the former practice in respect to the matter therein provided for. The general equity rules contain no provision for enrollment of decrees, and I take it those rules are to be regarded as supplemented in this respect by the provisions of the statute. By the former practice there was not, customarily, any enrollment if nothing was determined in the case; that is to say, if no decree or order had been entered which adjudicated any right or advantage to one party or the other upon the matter of the pleadings. The essential purpose of the practice of enrollment was to provide a permanent memorial upon which the rights of the parties as adjudicated could be thereafter more safely preserved and certainly shown. It was held by Judge Speer in Blain v. Insurance Co., 30 Fed. 667, that this enrollment should include all orders made in cases where there had been such an adjudication of costs to officers. I am not sure but this extends the bounds of the statute somewhat, my impression being that in strictness the practice, supplemented by the statute, did not go beyond cases of decrees or orders inter partes; but as the decision above mentioned was in a court of co-equal power and jurisdiction, and the reasons for construing the statute thus broadly given by the learned judge seem reasonable, I am content to follow his ruling. Such, then, is my construction of the general provisions of the statute. The special enrollment provided for by our rule 15 is to be made upon the special request of either party, and accords a privilege which is not given by the statute. At the common law, after final judgment a judgment record or roll was made up from the entries and minutes of the clerk, and this was the final and permanent evidence of the rights of the parties as secured by the judgment. This practice for a long time prevailed in some of the states in the Union, and perhaps still continues in some of them. In others—as in Michigan,

where the proceedings of the court are required to be spread upon the journal as the business proceeds—no final record or roll is required to be made up, statutory provisions in that regard having been held to supersede the old practice. Norvell v. McHenry, 1 Mich. 227; Prentiss v. Holbrook, 2 Mich. 372. As the practice in the federal courts in the district is the same as that of the state court, and the manner of keeping the journals of the law court is the same, it has been a question whether any final entry corresponding to the judgment or roll of the former practice is now required in common-law cases; but the present inquiry does not involve that question, and no final opinion is given upon it. But, as the purpose of the judgment record in a court of common law was the same as that of the enrollment of the decree in the chancery court, there is an inference to be drawn from the practice in regard to making up the judgment record. From the fact that no judgment record was made up in the absence of a judgment, or something having equivalent effect as a determination of rights was made in the case, the inference from the analogy would be that there was no such requirement in the substance of things in the common-law practice. Of course, it results from what has been said that when the bill is dismissed voluntarily or by stipulation of the parties without any adjudication, and the costs are paid, no final record is required. The clerks of the circuit and district courts will follow the foregoing construction of the statute and rule in making up final records and enrollments in equity and admiralty cases, respectively. No provision is made by rule for any enrollment in admiralty cases. But the statute directs a final record to be made in such cases; that is, such cases as have reached a determination of the kind above mentioned.