MOHRSTADT v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court, E. D. Missouri, E. D.    April 19, 1901.)

No. 4,230.

COSTS—WRIT OF ERROR—RECORD—CLERK'S FEES.

Rev. St. § 828, provides that the clerk of the circuit court shall be entitled, for entering any return, rule, order, continuance, judgment, decree, or recognizance, to a fee of 15 cents per folio, and, for a copy of any entry of record or of any paper filed, to a fee of 10 cents per folio. *Held*, that the preparation of the record and proceedings in an action for return to the circuit court of appeals in obedience to an order contained in a writ of error entitled the clerk to a fee of 15 cents per folio, since it involved the exercise of judgment and discretion in determining what was the record and proceedings, and was not merely the making of a copy of papers on file.

Action by E. C. Mohrstadt, administrator of the estate of Thomas A. Thompson, deceased, against the Mutual Life Insurance Company. Motion by plaintiff to retax costs. Motion denied.

M. R. Smith, for plaintiff.
E. A. Rozier, for clerk.

ADAMS, District Judge. This is a motion to retax the costs for preparing a return to the order contained in the writ of error issued to this court, directing it "to send the record and proceedings aforesaid, with all things concerning the same," to the circuit court of appeals for the Eighth circuit. The clerk taxed the costs on the basis of 15 cents per folio of the matter contained in the return. The plaintiff insists that the clerk is entitled to only 10 cents per folio. Section 828, Rev. St., provides that the clerk shall be entitled to fees "for entering any return, rule, order, continuance, judgment, decree or recognizance, or drawing any bond or making any record, certificate, return or report, for each folio fifteen cents." The same section also provides that the clerk shall be entitled to fees "for a copy of any entry of record, or of any paper on file, for each folio ten cents." Manifestly, there was intended to be a difference in the fees for a mere copy of an entry or paper on file, and for an independent return made to any order of court. The writ of error required the clerk of this court to send "the record and proceedings aforesaid, with all things concerning the same," to the court of appeals within a certain time fixed in the writ. Manifestly, the discharge of this duty by the clerk requires the exercise of discretion and judgment. He is called upon to determine what is "the record and proceedings" in the case, to collect the same together, arrange them, and make a return covering them. He is also called upon to exercise discretion and judgment in the determination of what, if anything, he shall embody in his return under the other language employed in the writ, namely, "with all things concerning the same." Literally speaking, if the clerk is merely to copy all the record and proceedings of a case, he might feel constrained to literally copy all the pleadings that may have been abandoned for new or amended pleadings, and many other documents or papers not required for the use of the appellate court. He is required to make a return to a specific order of the court, and this return, as already indicated, involves judgment, discretion, and intelligent action, and not merely copying a paper or an entry of record in the case. The return, when made and filed in the office of the clerk of the court of appeals, becomes the original record of that court, upon which it proceeds to adjudge the rights of the parties. In my opinion, the clerk is right in taxing for this service the fees allowed for a "return,"—15 cents a folio. This construction of the statute is held to be correct in McIlwaine v. Ellington (C. C.) 99 Fed. 133. To the same effect, also, is the case of Blain v. Insurance Co. (C. C.) 30 Fed. 667. The motion to retax is denied.