THORNTON v. INSURANCE COS.

(Circuit Court, M. D. Pennsylvania. October 8, 1903.)

Nos. 1 and 2, Oct. Term.

1. CLERKS OF CIRCUIT COURTS—FEES—MAKING AND CERTIFYING RECORD FOR APPELLATE COURT.
   A clerk of a circuit court is entitled to charge for making up and certifying the record in a case in response to a writ of error at the rate of 15 cents for each folio of 100 words.

2. SAME—PRINTING RECORD
   There is no statutory provision which authorizes the clerk of a circuit or district court to charge a fee for printing the record in a case for the Circuit Court of Appeals, in addition to the cost of printing, although by the fee bill adopted by the latter court under statutory authority its own clerk is entitled to such fee, and is also required by the rules to accept any portion of the record of proper size and type which may have been printed by any other court.

3. COSTS—PRINTING RECORD—MISTAKE OF CLERK.
   Where the clerk of a circuit court undertakes to have the record in a case printed for use in the Circuit Court of Appeals, as permitted by the

rules of that court, he is entitled to charge only the reasonable cost of such printing; and where, owing to his misconception of the time within which the printing was required to be done, without consulting the parties, he had the work hastened at an increased cost, when it was in fact unnecessary, he cannot tax such increased cost.

Appeal by Defendants from Taxation of Costs.

M. J. Martin, for defendants.
R. A. Zimmerman, for clerk.

ARCHBALD, District Judge. It was the duty of the clerk, in response to the writ of error, to make up and certify the record and return it to the Court of Appeals, for which he is entitled to charge at the rate of 15 cents for each folio of 100 words. McIlwaine v. Ellington (C. C.) 99 Fed. 133. He is confined, however, to that which he has so certified, and no more, and that is found in the first volume of the record as printed, at the end of which his certificate appears. It does not extend to the other two volumes, made up of the evidence, which is no part of the record except as it is brought into it by bills of exceptions duly noted and sealed. So far the matter is clear.

But there is more difficulty with regard to the printing. By the rules of the Court of Appeals of this Circuit, the clerk of that court, upon the filing of the transcript of the record, is to cause it to be printed (Rule 23, § 1; Page's Rules, pp. 161, 162), receiving therefor a fee of 25 cents a page, in addition to the cost of printing (Rule 31, § 7; Page's Rules, p. 169). He is required, however, to accept any portions of the record of proper size and type that may have been printed in any other court (Rule 23, § 2; Page's Rules, p. 162); and this makes a place for the practice which prevails in some of the districts of the circuit, including this one, of having the clerk of the court from which the record comes to do the printing. The clerk of the Circuit Court performed this service in the present instance, and claims a fee per folio for it, and the question is whether he is entitled thereto. He is not unless he can point to a statute which justifies the charge; and this, unfortunately, he cannot do. The fee of 25 cents a page which is allowed to the clerk of the Court of Appeals is given him by the fee bill which the act of Congress expressly authorizes that court to adopt (Act Feb. 19, 1897, c. 263, 29 Stat. 536 [U. S. Comp. St. 1901, p. 557]); but there is no equivalent provision with regard to the circuit or district clerk, nor any means by which the fee that is so provided can be transposed and made to apply to either of them. The right to it was raised and denied in the case of Doherty's Accounts, Bowlers' Comptrollers' Decisions, 253, where a similar fee per folio for proof-reading, in addition to the bill of printing, was disallowed. The clerk is therefore confined to the cost of printing, the advantage that he gets out of having it done being that he can use the printed copy in certifying the record, thus saving himself the trouble and expense of otherwise transcribing it.

But in undertaking to do the printing he is only entitled to what it is reasonably worth, and this gives rise to another complication. The ordinary price per page for such work does not exceed $1, while the bill that is presented is for $1.25. This is sought to be

justified on the ground that the printing had to be done by a certain time, entailing additional labor and expense. But the action of the clerk in this respect was taken on his own responsibility without consulting with the defendants, and they are not answerable for the expense of the extra effort unless it was necessary; and that it was not, it seems to me, is clear. The writ of error was taken and the citation allowed February 14th last, and made returnable March 16th, 30 days ahead, in accordance with the rules. As the March term of the Court of Appeals began on March 3d, this apparently carried the argument over till September, and the parties were so advised. And, while the transcript of the record had still to be filed by the return day in order to prevent the case from being dismissed (Rule 16, § 1; Page's Rules, p. 155), the record did not have to be printed by that time, the printing being only required in anticipation of the argument (Rule 23, § 1; Page's Rules, p. 161). But the circuit clerk, misconceiving this, and confusing the time for filing the record with the time for printing it, put the copy into the hands of the printer on February 28th, with a peremptory order to have it ready so that the record could be lodged in printed form with the clerk of the Court of Appeals on March 10th, six days in advance of the return day, according to the supposed exigency of the rule last cited. While it may have been to the convenience of the clerk to combine the two acts, and to certify the printed record as his transcript (to which, of course, there is no objection), it was not necessary, and the defendants cannot, therefore, be charged with the additional expense required to accomplish it. This question is not affected by the subsequent steps by which the case was advanced and an argument at the March term secured. These were all taken after the order for the printing had been given and executed; and, as there was an abundance of time after the case had been actually advanced to print the record at ordinary rates, the extra charge cannot be maintained on the basis of having contributed to that result.

In accordance with these views, the clerk's fees are retaxed and allowed as follows:

For making up and certifying the record, 950 folios, at 15 cents each... $ 145
For printing 1186 pages at $1 a page.................................. 1,186

Total ............................................................. $1,331