### SARFERT CO. v. CHIPMAN et al.

(District Court, E. D. Pennsylvania. May 23, 1913.)

### No. 25.

CLERKS OF COURTS (§ 52*)—FEES OF CLERK OF DISTRICT COURT—CERTIFICATION OF TRANSCRIPT.

Act Feb. 13, 1911, c. 47, § 1, 36 Stat. 901 (U. S. Comp. St. Supp. 1911, p. 275), which substitutes for the written or typewritten transcript previously filed in the Circuit Court of Appeals for review of a final judgment or decree a printed transcript to be prepared by the appellant or plaintiff in error and certified by the clerk of the lower court, makes no provision with respect to the clerk's fee, which is therefore governed by Rev. St. § 828 (U. S. Comp. St. 1901, p. 635); and such transcript being a record for which the clerk is responsible, and not merely a copy of a record, within paragraph 9 of said section, he is entitled to tax a fee of 15 cents per folio for the entire transcript, under paragraph 8.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 78, 79: Dec. Dig. § 52.*]

In Equity. Suit by the Sarfert Company against Frank Chipman and others. On application of complainant for an order directing repayment of fees for making and certifying transcript of record to Circuit Court of Appeals. Motion denied.

E. Hayward Fairbanks, of Philadelphia, Pa., for application.
Walter C. Douglas, Jr., of Philadelphia, Pa., for clerk.

---

THOMPSON, District Judge. The objection to the fees paid to the clerk under protest in this case is to the charge at the rate of 15 cents per folio for that part of the record which the complainant caused to be printed and filed in the clerk's office for certification as part of the transcript of the record on appeal to the Circuit Court of Appeals, and which contained the pleadings, proofs, and exhibits. The complainant filed with the clerk a præcipe directing him, in making up the transcript of record, to include those papers, together with other parts of the record necessary for the consideration of the appellate court. The clerk charged for the whole transcript at the rate of 15 cents per folio, under the provisions of paragraph 8 of section 828 of the Revised Statutes (U. S. Comp. St. 1901, p. 635), which reads as follows:

"For entering any return, rule, order, continuance, judgment, decree, or recognizance, or drawing any bond *or making any record, certificate, return,* or report, for each folio, fifteen cents."

No objection was made to that charge for such parts of the record as were not printed; but it is contended by the complainant that as to the printed portion the clerk is not entitled to collect any fee, in view of the provisions of the act of February 13, 1911, entitled "An act to diminish the expense of proceedings on appeal and writ of error or of certiorari." It is further contended by the complainant that, if the clerk is entitled to a fee for certifying the printed portions of the record, he is entitled to but 10 cents per folio under the provisions of paragraph 9 of section 828, Revised Statutes, which is as follows:

"For a copy of any entry or record, or of any paper on file, for each folio, ten cents."

Section 1 of the act of February 13, 1911, deals only with final judgments or decrees taken to the Circuit Court of Appeals by appeal or writ of error, while section 2 applies to final judgments or decrees taken to the Supreme Court of the United States by appeal, writ of error, or certiorari.

So far as the present application is concerned, therefore, we have to take into consideration only section 1, which provides as follows:

"That in any cause or proceeding wherein the final judgment or decree is sought to be reviewed on *appeal to,* or *by writ of error* from, a United States *Circuit Court of Appeals* the appellant or plaintiff in error shall cause to be printed under such rules as the lower court shall prescribe, and shall file in the office of the clerk of such Circuit Court of Appeals at least twenty days before the case is called for argument therein, at least twenty-five printed *transcripts of the record of the lower court, and of such part or abstract of the proofs* as the rules of such Circuit Court of Appeals may require, and in such form as the Supreme Court of the United States shall by rule prescribe, *one of which printed transcripts* shall be *certified under the hand of the clerk of the lower court and under the seal thereof,* and shall furnish three copies of such printed transcript to the adverse party at least twenty days before such argument: Provided, that either the court below or the Circuit Court of Appeals may order any original document or other evidence to be sent up in addition to the printed copies of the record or in lieu of printed copies of a part thereof; and no written 'or typewritten transcript of the record shall be required."

It will be noted that it is required by this section that one of the printed transcripts shall be certified under the hand of the clerk of

the lower court and under the seal thereof. Section 1 does not provide what fees shall be collected by the clerk for his services. In fact, section 1 is silent as to fees. The title indicates that the purpose of the act was to diminish the expense of proceedings on appeal, writ of error, and of certiorari. The apparent intention of Congress was to provide for a printed record certified under the hand of the clerk of the court of first instance and under its seal, which, having been so certified, should constitute the record in the higher courts and thereby save to litigants expense in relation to records in the higher courts. If that intention has been carried out by the provisions of the second section in relation to fees upon appeal or writ of error to the Supreme Court, this case is not affected thereby, and it is not the province of this court to construe the provisions of the act in relation to the fees of the clerks of the Circuit Court of Appeals and of the Supreme Court.

Rule 14 of the Circuit Court of Appeals (150 Fed. xxviii, 79 C. C. A. xxviii) provides:

"1. The clerk of the court to which any writ of error may be directed, upon being paid or tendered his fees therefor, shall make a return of the same by transmitting a true copy of the record, bill of exceptions, assignment of errors, and all proceedings in the case, under his hand and the seal of the court.

"2. In all cases brought to this court, by writ of error or appeal, to review any judgment or decree, the clerk of the court by which such judgment or decree was rendered shall annex to and transmit with the record a copy of the opinion or opinions filed in the case.

"3. No case will be heard until a complete record, containing in itself, and not by reference, all the papers, exhibits, depositions, and other proceedings, which are necessary to the hearing in this court, shall be filed."

In order that the printed transcript shall become the record returned to the Circuit Court of Appeals under a writ of error or citation, it must be certified under the hand of the clerk of the lower court and under its seal. In rule 14 of the Circuit Court of Appeals this record is called a "return" to the writ of error, and the same rule applies to appeals. While the use of a printed transcript of record, which has superseded as well the written transcript, which was no doubt in contemplation of Congress when section 828 was adopted, as the typewritten transcript later in use, relieves the clerk of the necessity of the actual copying of the record, it does not relieve him of the duty of comparing the printed copy with the original record on file in his office, nor of the responsibility of ascertaining its correctness by such comparison before certification. There is no repeal in the act of February 13, 1911, of any part of section 828, Compiled Statutes. Section 828, being unrepealed, therefore furnishes the only authority for the taxation of the clerk's fees for his services in making up the record, and consequently, unless the fees fixed by that section are divisible, he is entitled to be paid for a printed record at the same rate as though the record were written or typewritten in his office. But such fees have been held not to be divisible.

The case of Bean v. Patterson, 110 U. S. 401, 4 Sup. Ct. 23, 28 L. Ed. 190, came before the Supreme Court upon a motion for leave to docket an appeal without security for the payment of fees for printing. Under the table of fees adopted by the Supreme Court under the au-

thority of Act March 3, 1883, c. 143, 22 Stat. 631 (U. S. Comp. St. 1901, p. 650), the clerk's fee was fixed as follows:

> "For preparing the record or a transcript thereof for the printer, indexing the same, supervising the printing, and distributing the printed copies to the justices, the reporter, the law library, and the parties or their counsel, fifteen cents per folio."

The appellant had delivered to the clerk the requisite number of copies of the record in print and desired to avoid payment of the fee charged under the rule in connection with the printing. Mr. Chief Justice Waite, in delivering the opinion of the court, said:

> "The fee is for the service specified in this item of the table, and is indivisible. Consequently, if the clerk performs any part of the service, he is entitled to collect the whole fee; and if the printed record is used at all, it must be examined by him to see if it conforms to the copy certified below and on file as the transcript of the record. So that if the printed copies are used for any purpose in the progress of the cause, the whole fee is chargeable. As the law now stands, the fees and emoluments of the office belong to the government, subject only to the payment of the annual salary of the clerk, necessary clerk hire, and incidental expenses, and the clerk is the collecting agent for the government."

The principles thus laid down govern the present case, and the clerk is therefore entitled to his fees at the same rate per folio for the printed part of the record as for the parts not printed. It remains to be determined whether the fees for the printed transcript of record certified under the hand of the clerk and under the seal of the court are to be paid under paragraph 8 of section 828, Compiled Statutes, at 15 cents per folio, as for "making any record, certificate, return or report" or under paragraph 9, at 10 cents per folio, as "for a copy of any * * * record."

It was held by the Circuit Court for the Eastern District of Missouri, in the case of Cavender v. Cavender, 10 Fed. 828, that a transcript of record on appeal or writ of error is a "copy" for which the clerk could charge only 10 cents per folio.

In the case of McIlwaine v. Ellington (C. C.) 99 Fed. 133, Circuit Judge Simonton declined to follow the decision in Cavender v. Cavender, and held that for the clerk's services in certifying the record, he was entitled to the fee allowed under paragraph 8. Judge Simonton stated in his opinion:

> "This document required by rule 14 is a record. It becomes the record for the use of the appellate court. It is not simply a copy of the record in the court below. It embraces as well the bill of exceptions, the assignments of error, the opinion of the court, and all proceedings in the cause; and it is made up by the clerk on his own responsibility. If it be redundant, it will be cut down. If it be defective in its presentation of the case, it will be perfected on mandamus. Its preparation bears no resemblance to the copying of a paper. It requires experience, judgment, and care. It is also, as we have seen by rule 14, a return. It is a certified paper, and in some sense a report of all that transpired below, for the information of the appellate court. For these reasons the item in the costs of the clerk is correct. He is entitled to 15 cents per folio. But one case can be found in which this point is adjudicated. Cavender v. Cavender (C. C.) 10 Fed. 828. This case allows for this service 10 cents per folio. It is with diffidence that a conclusion differing from that of the learned judge for the Eastern district of Missouri has been reached. He treats the record on appeal as a mere transcript—'a copy of

something ordered by the court in a case at law or in equity to be so forwarded.' Evidently it is something more than this. A copy of a paper can be prepared by any scrivener in the office. The preparation of the record for the use of the appellate court requires the exercise of experience, care, and skill on the part of the clerk or his responsible deputy."

Judge Simonton's opinion was followed by Judge Archbald, sitting in the Circuit Court for the Middle District of Pennsylvania, in the case of Thornton v. Insurance Companies (C. C.) 125 Fed. 250, and by Judge Adams, in the Circuit Court for the Eastern District of Missouri, in the case of Mohrstadt v. Mutual Life Ins. Co. of New York, reported in 107 Fed. 872, and also in 145 Fed. 751. The Mohrstadt Case, decided in the same court as the case of Cavender v. Cavender, supra, evidently overruled that case. I entirely agree with what Judge Adams said in the Mohrstadt Case:

"Manifestly, there was intended to be a difference in the fees for a mere copy of an entry or paper on file, and for an independent return made to any order of court. The writ of error required the clerk of this court to send 'the record and proceedings aforesaid, with all things concerning the same,' to the Court of Appeals within a certain time fixed in the writ."

In order that the printed transcript furnished by the complainant in the case at bar should become the record upon appeal, it was necessary that it should be made so by the certificate of the clerk as to its correctness in form and substance in accordance with his examination and comparison of the printed transcript with that which remained in the lower court, and by reason of the performance of those services what theretofore had been but a printed copy of the record of the court below upon its return was made the record in the appellate court.

Obviously the clerk did more than to furnish "a copy of a record or paper on file." What he did was to "make a record, certificate, or return."

The application is therefore denied.