## In re VISKING CORPORATION et al.

### No. 5038.

Circuit Court of Appeals, Fourth Circuit.
April 8, 1943.

Before PARKER, SOPER, and DO-BIE, Circuit Judges.

Lawrence Bristol, of New York City (Elmer R. Helferich, of New York City, C. O'Conor Goolrick, of Fredericksburg, Va., Wm. S. Pritchard and Harry H. Levin, both of New York City, and Lewis C. Williams, of Richmond, Va., on the brief), for appellants.

Paul W. Kear, Clerk of the District Court, of Norfolk, Va., in support of the decree of the District Court.

PARKER, Circuit Judge.

This is an appeal from an order of the District Court determining costs to be taxed in connection with the certifying by the clerk of a record on appeal to this court. The papers constituting the record consisted of copies of pleadings, testimony and exhibits made outside the clerk's office at the expense of the parties. They were furnished by the parties to the clerk and by him assembled, compared with the originals on file in his office and certified as the record on appeal. Under the order appealed from, the clerk's fee was fixed at $1,112.70, based on 7,418 folios at 15 cents per folio. The contention of appellants is that the fee should have been fixed at $370.90, based on the same number of folios at 5 cents per folio. The question involved is whether paragraph 11 or paragraph 12 of the Act of February 11, 1925, 43 Stat. 858, 28 U.S.C.A. § 555, subds. 11, 12, is controlling. These paragraphs, which are a part of the statute prescribing fees to be charged by the clerk, are as follows:

"11. For making and comparing a transcript of record on appeal or writ of error when required or requested, 15 cents for each folio of one hundred words.

"12. For comparing any transcript, copy of record, or other paper not made by the clerk with the original thereof, 5 cents for each folio of one hundred words."

Since the clerk did not make but merely compared the copies furnished him in making the certificate to this court, it is clear, we think, that paragraph twelve is the provision applicable and that only 5 cents per folio is taxable as costs for the service. We are not impressed with the argument that the clerk makes the record for the appellate court. The theory underlying appeal under the new rules is that the appellate court has before it, in the form of copies, the record of the court below, or such parts of it as the parties may designate, including always the portions specified in Rule 75 (g), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The clerk is required to certify and transmit to the appellate court "a true copy" of the portions of the record designated by the parties or required by the rule; and the rule provides that the copy so certified and transmitted shall constitute the record on appeal. What the clerk does under the rule, therefore, is merely certify and transmit a copy of the record or portions of the record of the lower court, not make a record. If he makes the copy which he certifies and transmits, the fee taxed is 15 cents per folio. If he merely compares copies furnished by the parties, it is 5 cents per folio. Fastening the papers together, or striking out unnecessary portions of copies furnished him, does not, we think, justify the higher rate.

The clerk relies upon an opinion of comptroller Tracewell rendered in the year 1902, interpreting sec. 828 of the Revised Statutes, 28 U.S.C.A. § 555, which provided:

"For entering any return, rule, order, continuance, judgment, decree, or recognizance, or drawing any bond, or making any record, certificate, return, or report, for each folio, fifteen cents.

"For a copy of any entry or record, or of any paper on file, for each folio, ten cents."

The opinion of the Comptroller was to the effect that the certification was the making of a record for which the 15 cent rather than the 10 cent charge was taxable, and a number of District and Circuit Court decisions are in accord. See Blain v. Home Ins. Co., C.C., 30 F. 667; McIlwaine v. Ellington, C.C., 99 F. 133; Mohrstadt v. Mutual Life Ins. Co., C.C., 107 F. 872, 145, Id., C.C., F. 751; Thornton v. Ins. Co., C.C., 125 F. 250; Hoysradt v. Delaware L. & N. R. Co., C.C., 182 F. 880; Sarfert Co. v. Chipman, D.C., 205 F. 937. Contra, Cavender v. Cavender, C.C., 10 F. 828.

These decisions, however, are not convincing. More impressive, we think, is the decision to the contrary of the Circuit Court of Appeals of the Third Circuit in United States v. Oliphant, 3 Cir., 230 F. 1, 13. In that case, after referring to the fact that the question had been a controverted one in the Circuit Courts since 1882 and reviewing the decisions, the Court, speaking through Judge Woolley, went on to say:

"By the first paragraph quoted, the statute provides that 'for entering any return, rule, order, continuance, judgment, decree or recognizance, or drawing any bond or making any order, certificate, return or report,' a charge shall be made at the rate of 15 cents a folio.

"The acts here contemplated are original in their nature. They are such and only such as occur and are required to be performed in the progress of the cause. They constitute the recorded entries of the court's doings and of the court's orders and judgments, both interlocutory and final. They are original acts in the sense of being the first of their character or in their order, and in the sense of deriving their origin from no previous record. They are original in the sense employed in several of the cases cited, in that they require original thought and judgment to make them conform precisely to the things done or ordered. They have to do with the building of a record, which must accurately and fully disclose the acts and rulings of the court upon the matter in controversy. They are, therefore, of a higher dignity and impose a greater responsibility in their performance than acts contemplated by the second paragraph quoted from the statute.

"The second paragraph provides that 'for *making a copy of any* (entry or) *record, or any paper on file,*' the fee therefor shall be at the rate of 10 cents per folio.

"This paragraph contemplates services of a lesser grade for which smaller fees are to be charged, based upon a lower rate prescribed. It contemplates copying something which is already written, and compiling the copies of something which already exists. Originality, discretion or judgment connected with such a service, if it be the making of a certified transcript of a record for use in an appellate court, is restricted to the selection of the parts of the record required by the rules to be transcribed, and responsibility in copying the same is limited to accuracy."

The Act of 1925 prescribing the present fee bill modified the provisions of R.S. § 828 and the old decisions throw little light on the question before us. We find only one decision bearing upon the question since the enactment of that statute, but it seems very much in point and supports the position that the 5 cent and not the 15 cent charge is the one properly taxable. In re King, 5 Cir., 73 F.2d 175, 177. In that case it was held that an appellant is entitled to have the record on appeal printed and is not obliged to have it printed by the clerk, and that if appellant has it printed and has the clerk certify a printed copy of the transcript to the appellate court, the clerk is entitled to fees under 28 U.S.C.A. § 555 for making copies and "for *comparing copies, including a printed copy of the transcript,* with the originals on file in his office". (Italics supplied). In such case, if appellant needs copies of papers on file in the clerk's office for printing, he must pay the clerk for copies "and for comparing with the originals any copies furnished by him". The court said:

"The fees of the clerk of the District Court, in so far as they are here material, are enumerated in 28 U.S.C.A. § 555. The clerk is allowed 15 cents a folio for a copy of any record, entry, or other paper, or for making and comparing a transcript of record on appeal when required or requested, and 5 cents a folio for comparing any transcript, copy of record, or other paper with the original. If the appellant, proceeding under 28 U.S.C.A. § 865, causes a record to be printed, one of the printed transcripts is certified by the clerk, and it takes the place of, and dispenses with the necessity theretofore existing of requiring, a written or typewritten transcript of the record. In that event the clerk is only entitled to the fees under 28 U.S.C.A. § 555 for making copies of original records, entries, and papers, *and for comparing copies, including a printed copy of the transcript, with the originals on file in his office.* But the appellant is not entitled to take out of the clerk's office original court records, such as transcripts of evidence, bills of exceptions, or other original papers and documents on file in the case, for the purpose of having printed copies made, and a rule which prevents him from doing so is well within the discretion of the District Court. He must pay the clerk for copies of such original papers on file as he needs for printing *and for comparing with the originals any copies furnished by him.*" (Italics supplied).

If there were any doubt as to which of the provisions of the statute is here applicable, it should be resolved in favor of the lower costs which would result from the application of paragraph twelve. The whole trend of recent legislation and rule making is toward a simplification of procedure and a lessening of the ·burdens of litigation, and there is no reason in exacting of litigants who furnish copies for certification of the record on appeal the same fees as paid by those who require the clerk to make the copies as well as compare and certify them. We think, however, that there is no doubt as to the proper interpretation of the statute and that its clear meaning is that, where, as here, all that the clerk does is compare and certify copies furnished by the litigants, all that may be taxed as costs for the service is 5 cents per folio plus, of course, the fee for the clerk's certificate.

For the reasons stated, the judgment appealed from will be reversed and the cause will be remanded with directions to re-tax the costs as herein indicated.

Reversed.