## In re BRADFORD'S PETITION.

### (Circuit Court of Appeals, Sixth Circuit. May 11, 1905.)

CIRCUIT COURT OF APPEALS—COSTS—PRINTING OF TRANSCRIPTS.

In view of the fact that the right to sue in forma pauperis, given by Act July 20, 1892, c. 209, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], is limited to courts of original jurisdiction, the rule of the Circuit Court of Appeals, requiring the printing of transcripts, will be enforced in all cases.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 512.]

J. Gallagher, for plaintiff in error.
F. P. Poston, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. The clerk of this court declined to allow the plaintiff in error to docket a transcript of the record from the court below until she should comply with rule 16 of this court requiring a deposit of $35 as security for taxable costs. Thereupon plaintiff in error filed a verified petition praying to be allowed to prosecute her writ of error in forma pauperis, and that the clerk be required to docket her transcript, and that the rule requiring a deposit be dispensed with. This petition exhibited a state of facts entitling her to prosecute her suit as a poor person if the act of July 20, 1892, c. 209, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], applies. Entertaining doubt as to whether the act of Congress mentioned applied to this court or to appellate proceedings at all, and also entertaining doubt as to the power of this court, independently of a statute, to permit the prosecution of a writ of error or appeal in forma pauperis, we certified both questions to the Supreme Court. That court has answered, saying that the act of July 20, 1892, does not apply to appellate proceedings, and that independently of statute it has no power to permit the prosecution of appellate proceedings in forma pauperis. Bradford v. Southern Ry. Co., 195 U. S. 243, 25 Sup. Ct. 55, 49 L. Ed. 178. This interpretation of the scope of the act of Congress is in conflict with the view expressed heretofore by this court in Reed v. Pennsylvania Co., 111 Fed. 714, 49 C. C. A. 572, and that opinion is upon that point overruled.

It also follows that so much of rule 16 of this court as refers to any dispensation of the rule requiring a deposit on account of poverty should be stricken from the rule, and it is ordered that hereafter the rule be printed and promulgated without the exception there mentioned. The application to be allowed to prosecute her writ of error in forma pauperis is therefore denied.

Mrs. Bradford's petition also asks that rule 23 of this court, which requires the printing of all transcripts from the court below, be dispensed with, and her case heard upon the transcript as sent from the court below. Rule 23 is substantially identical with the tenth rule of the Supreme Court. The cost of printing is under the rule a part of the taxable costs of the cause, including the supervis-

ing fee to the clerk, all of which costs and fees are required to be accounted for and paid over to the treasury department in the same manner as is provided in respect to other costs by the second section of the act of March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547], establishing Circuit Courts of Appeal and regulating the appellate jurisdiction of the courts of the United States. The rule itself is made by virtue of the authority conferred by that act to establish all rules and regulations for the conduct of the business of the court. It is a rule intended to advance the administration of justice and to facilitate the business of the court.

We have in a few instances been induced to dispense with the rule, but in view of the limitations which Congress has thrown around the privilege of suing in forma pauperis by confining the right to so sue to courts of original jurisdiction, and also in view of the fact that applications for the supervision of the printing rule are so rapidly increasing as to amount to an abuse of an indulgence of doubtful propriety, we have come to the conclusion to enforce the rule hereafter without discrimination, against all alike.

The application to dispense with the printing rule is therefore denied.