HERMAN KECK MFG. CO. v. LORSCH et al.

(Circuit Court of Appeals, Sixth Circuit. March 10, 1910.)

No. 2,044.

1. BANKRUPTCY (§ 463*)—APPEAL—RECORD—AMPLIFICATION.

Where, on appeal from an involuntary bankruptcy adjudication, it appeared that the record did not contain all the evidence, though appellant's counsel claimed that it contained everything required for an examination of the questions sought to be reviewed, a motion to include additional matter will be granted, with the reservation of the right to determine which party should ultimately bear the expense thereof.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 463.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

2. BANKRUPTCY (§ 463*)—APPEAL—EXHIBITS—COURT RULES.

An application to send to the Circuit Court of Appeals the original books and records kept in the business of the bankrupt was not within the rule providing that, where there are exhibits in the trial court which cannot be transcribed or brought up by proper representation, they may be ordered transmitted to the Circuit Court of Appeals as a part of the return to the appeal, in the absence of a showing that the books could not be transcribed or that representation by photographic copies, if necessary, could not be made.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 463.*]

3. BANKRUPTCY (§ 474*)—RECORD—PRINTING—PAYMENT BY RECEIVER.

Where an alleged bankrupt appealed from an involuntary adjudication, he was not entitled to an order requiring a receiver of his property to pay the costs of the transcript and the printing of the record out of the proceeds of the bankrupt's estate in his hands, because the bankrupt was without the means required for that purpose.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 474.*]

4. COURTS (§ 405*)—APPEALS IN FORMA PAUPERIS.

An appeal cannot be taken to the Circuit Court of Appeals in forma pauperis.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*]

Appeal from Order of the District Court of the United States for the Southern District of Ohio.

Involuntary bankruptcy petition by Albert Lorsch and others against the Herman Keck Manufacturing Company. From a bankruptcy adjudication, the debtor appeals. On motions with reference to the record. Allowed in part.

This is an appeal by the debtor from a judgment adjudicating it to be a bankrupt upon a creditor's petition. The record filed in this court contains about $2,000 typewritten pages. It appears from the certificate of the clerk that the transcript contains only such papers as the attorney for the appellant designated in a præcipe filed in the court below. Counsel agree that there is a large amount of evidence in the case which has not been transcribed or brought up to this court; but the appellant contends that it is not material on this appeal. The original books and records kept in the business of the appellant, and other exhibits, have not been copied or included in the transcript filed in this court.

C. W. Baker, Fred L. Hoffman and August H. Bode, Jr., for appellant.

Joseph W. O'Hara and Jonas B. Frenkel, for appellees.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

PER CURIAM. Three distinct motions were submitted yesterday relating to this matter.

The first motion is founded upon a suggestion that only a part of the record was brought here, and that the transcript does not include several things and matters which it is claimed are necessary in order to a satisfactory examination of the questions raised. That motion we are disposed to allow, with the reservation of power in this court to ultimately determine where the costs of that additional matter of the transcript should be placed, determinable upon the question whether or not it is necessary to be brought, in order to have a proper understanding. With this reservation, the motion will be granted; but for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

special reasons, which we do not care to dwell upon, we further order that the charges incident to the supplying of this additional matter be paid by the appellees, and so of the cost of printing it, the ultimate liability for which is also to be determined hereafter.

Another motion was for an order requiring that the original books and records kept in the business of the Keck Manufacturing Company should be ordered to be sent here; it being claimed that there is something about the books which could not be adequately transcribed. This motion is denied. There is a rule, which we have taken from the Supreme Court rules, so far as this branch of it is concerned, that where there are exhibits in the record in the court below, such as cannot be transcribed or brought here by proper representation, as, for instance, models and the like, which have been made part of the evidence in that court, they may be ordered by the judge of the court below to be sent here as part of the return to the appeal. The rule applies generally to such matters as cannot be transcribed, so as to be exhibited to this court as they were exhibited to the court below. The application for an order to send up the original books and records is not within the scope of that provision. It is not shown that transcription, or representation by photographic copies, if necessary, cannot be made. Therefore no ground is made which would bring the case within the scope of the rule.

The other motion is that the receiver, who was appointed in the court below while this matter was pending there, has in his possession, according to the showing made, funds arising from the conversion of the estate. It is asked that an order be made upon him to advance and pay the costs of the transcript and the printing of the record, and the suggested diminution from funds in his hands, because the appellant is without the means necessary for defraying the expense of copying the transcript and printing the record. We think this motion cannot be granted. The fund, which is in the hands of the court, is subject to the disposition and control of the court by its decree. It is true that circumstances are such as to excite regret for the disability of the Keck Company; but there is no precedent for making such an order as this in such circumstances merely on the ground of the poverty or inability of the appellant to get the case heard. Along the same line is the practice in cases where the appellant seeks to prosecute an appeal in forma pauperis. It had been the practice in this court until recently to allow the appellant to prosecute an appeal in forma pauperis; but that practice was dropped upon the authority of a decision of the Supreme Court. The Supreme Court held that the provision in regard to allowing an appeal to be prosecuted in forma pauperis applies only to the court of first instance, and does not apply to the appellate court. With due respect to the Supreme Court, whose rule is the same as ours, we have changed the rule, so that now this court does not permit an appeal in forma pauperis. In re Bradford's Petition 71 C. C. A. 334, 139 Fed. 518. That being so, much less ought we to allow a proceeding to be financed by means to be supplied out of this fund, which it may ultimately be held, by the decree eventually to be made, ought to go to the benefit of creditors. These are, simply stated, the grounds upon which we deny this motion.