COLT'S PATENT FIREARMS MFG. CO. et al. v. NEW YORK SPORTING
GOODS CO. (two cases).

VICTOR TALKING MACH. CO. et al. v. HOSCHKE et al.

(Circuit Court of Appeals, Second Circuit.    March 15, 1911.)

Nos. 251, 252, 257.

CLERKS OF COURTS (§ 48*)—CLERKS OF CIRCUIT COURTS OF APPEALS—DUTIES
AND FEES.

    Act Feb. 13, 1911, c. 47 (36 Stat. 901) relating to transcripts on appeal
to or writ of error from the Circuit Courts of Appeals, and authorizing
the use of a printed transcript certified by the court below, makes no
provision for an index; and in view of the importance of having the in-
dexes of all records comprehensive and uniform, they should be pre-
pared by the clerk of the Circuit Court of Appeals, and since his fee for
preparing and indexing the record under the fee bill in force is fixed
at a stated sum per page of the whole, and is indivisible, until such fee
bill is changed or further legislation enacted, parties will be required to
pay the full fee thereby prescribed, to be held by the clerk until its re-
turn is authorized.

    [Ed. Note.—For other cases, see Clerks of Courts, Dec. Dig. § 48.*]

Appeals from the Circuit Court of the United States for the South-
ern District of New York.

Suits in equity by Colt's Patent Firearms Manufacturing Company
and John M. Browning against the New York Sporting Goods Com-
pany (two cases), and by the Victor Talking Machine Company and
another against William H. Hoschke and the Sonora Phonograph
Company. On motions by complainants in each case, who are appel-
lants, to be relieved from payment of clerk's supervision fee. Mo-
tions denied.

See, also, 180 Fed. 777.

W. G. McKnight, for the motion.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. In each of these cases appellant has filed 25
printed transcripts of the record of the Circuit Court, one of which
has been certified by the clerk of that court as prescribed by the
recent act of February 13, 1911. Appellant asks that the cause be
heard thereon without payment of any fee to the clerk of this court
for supervision of the record. In conformity with the provisions
of the act, this court will hear argument upon such transcript of
record. The certification of the clerk of the court below is sufficient
guaranty that the printed book is a correct transcription of the record
in his court, or of so much thereof as the parties have agreed to take
up. There is no necessity, therefore, for any further examination
thereof by the clerk of this court. Experience has shown, however,
that it is very important to have the indexes of all records on appeal
comprehensive and uniform. Therefore the preparation of all indexes
will continue under the supervision of the clerk.

The fee bill prescribed February 28, 1898, by the Supreme Court,

under Act. Feb. 19, 1897, c. 263, 29 Stat. 536 (U. S. Comp. St. 1901, p. 557), now provides as a fee for—

"preparing the record for the printer, indexing the same, supervising the printing and distributing the copies, for each printed page of the record and index, twenty-five (25) cents." 150 Fed. cxxxix, 79 C. C. A. cxxxix.

It would seem that, when the only thing which the clerk does is to prepare or supervise the preparation of the index, the only fee charged should be 25 cents for each page of such index. But in Bean v. Patterson, 110 U. S. 401, 4 Sup. Ct. 23, 28 L. Ed. 190, it was held that the fee was indivisible, and that the whole must be charged if any part of the work is done. Under this decision it would not be safe for the clerk to collect merely the fee per page of index. No regulation of this court could relieve him from the obligation to account to the Treasury Department for the full amount. It is, however, so plainly the intention of Congress that these fees should be reduced that the proper course would seem to be for the clerk to receive the full amount of fees now, and hold them as a special deposit until the proper authority shall have distributed the "indivisible fee" prescribed by the Supreme Court fee bill. The language of the act of February 19, 1897, is such that there may be some doubt as to the power of the Supreme Court to change the fee bill which it prescribed before May 19, 1898.

The second section of the new act apparently gives the Supreme Court power to fix new fees only in cases when a final judgment or decree is sought to be reviewed in that court. If further legislation be necessary to make the recent act effective, it can no doubt be secured at the next session. If such change is made, and is made applicable to appeals or writs of error now pending, so that the clerk may safely take a fee on the page rate for index only; the balance of each deposit will be returned.