### SMITH v. FARBENFABRIKEN OF ELBERFELD CO.

(Circuit Court of Appeals, Sixth Circuit. July 18, 1912.)

No. 2,320.

CLERKS OF COURTS (§ 52*)—CLERKS OF CIRCUIT COURTS OF APPEALS—DUTIES AND FEES.

Act Feb. 13, 1911, c. 47, § 1, 36 Stat. 901 (U. S. Comp. St. Supp. 1911, p. 275), providing for the printing of transcripts by the appellant or plaintiff in error in any cause "wherein the final judgment or decree is sought to be reviewed on appeal to, or by writ of error from a United States Circuit Court of Appeals," should be construed as intended to abolish the supervision fee of the clerk of the appellate court in cases to which it applies; but it cannot be held to apply to an appeal from an order granting a preliminary injunction on motion and affidavits.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 78, 79; Dec. Dig. § 52.*]

In Equity. Suit by Farbenfabriken of Elberfeld Company against Albert C. Smith. Defendant appeals from an order granting a preliminary injunction. On motion to dispense with clerk's supervision fee. Denied.

Henry C. Walters, of Detroit, Mich., for appellant.

Allan H. Frazer, of Detroit, Mich., and Anthony Gref, of New York City, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Several questions have arisen regarding the application of the Act of February 13, 1911 (Act Feb. 13, 1911, c. 47, 36 Stat. 901 [U. S. Comp. St. Supp. 1911, p. 275]), in connection with rule 23 of this court, requiring the clerk to prepare an index and supervise the printing of the record, and in connection with the table of fees (150 Fed. cxxxix, 79 C. C. A. cxxix), providing a fee of 25 cents a page therefor. Our rulings on these matters have been without opinion, and it seems proper to state them in connection with the present motion.

In an oral opinion by Judge Severens, we expressed our unwillingness to adopt the practice of the Second circuit announced in Colts, etc., Co. v. N. Y., etc., Co., 186 Fed. 625, 108 C. C. A. 489, and we held that the statute should be construed as intending to abolish the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

clerk's supervision fee, and was capable of interpretation broad enough to accomplish that result in the cases to which it applied.

However, in section 1, pertaining to review proceedings in this court, the statute purports to cover only cases "wherein the final judgment or decree is sought to be reviewed on appeal to or writ of error from" this court. Obviously, it does not apply to review by other methods, nor of other than "final judgments or decrees," nor by other courts than this.

The question next arose in an appeal by the defendant below from the usual decree in a patent case sustaining the validity of the patent, awarding an injunction and ordering an accounting. It is well settled that, as a matter of strict definition, such a decree is not final, but is interlocutory. However, it is a decree made upon what is commonly called a final hearing, on pleadings and proofs; if on such hearing the decree is for the defendant, it is final in every sense; and, even if for complainant, it is not uncommonly thought of and spoken of as a final decree. Thinking that the statute should have as liberal a construction as its language permits, we concluded that such a decree was within its contemplation.

In the next matter, the appeal was from an adjudication in bankruptcy. This seemed to be a final judgment within the fair meaning of that phrase, and we accordingly applied the statute.

We now have a case where the court below, upon motion and affidavits and before the taking of any proofs, awarded a preliminary injunction, and where defendant has appealed under section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [U. S. Comp. St. Supp. 1911, p. 194]). We are unable to see how such an order can be brought within the definition of the statute, by any permissible liberality of construction. Such an order is not final, from any point of view or for any purpose. The statute can have no application, and the clerk of this court apparently must account to the department for the supervision fee in such case. Re Bradford (C. C. A. 6th Cir.) 139 Fed. 518, 71 C. C. A. 334.

Our attention is called to the fact that the transcript has already been printed pursuant to the provisions of a rule of the District Court which purports to cover the printing of "all transcripts or records on appeal or writ of error." It goes without saying that, in so far as the rule of the District Court goes beyond the statute, it cannot supersede the rule of this court and the schedule fixed by the Supreme Court. Doubtless the rule was inadvertently made somewhat broader than the statute.

The motion is denied.