## RAINEY *v.* W. R. GRACE & COMPANY.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 119.   Submitted December 9, 1913.—Decided January 5, 1914.

A statute, the evident purpose of which is to save expense in litigation, will be construed in the light of this manifest purpose.

Repeals by implication are not favored and only in cases of clear inconsistency will a later act be held to repeal an earlier one on the same subject, but if there is clear inconsistency, as in this case, the earlier act cannot stand. *King* v. *Cornell,* 106 U. S. 395.

Even if it might be true that the earlier act prescribed the better rule, where Congress having full authority has acted it is the duty of the courts to enforce the legislation with a view of effecting the purpose for which it was enacted.

When the appellant in a cause in admiralty causes to be printed and presented to the Circuit Court of Appeals under the act of February 13, 1911, printed copies of the apostles on appeal, each of which contains a printed index of the contents thereof and is prepared and printed under a rule of the lower court adopted in pursuance of the said act, the Circuit Court of Appeals is authorized to hear and determine the cause on such copies and to dispense with the requirement of the payment of fees to its clerk by the appellant as prescribed by its rules and which are the same as those prescribed by this court under the act of February 19, 1897.

The first section of the act of February 13, 1911, sets aside by implica-

tion the provision of the fee bill prescribed by this court so far as it relates to the fee to the clerk of the Circuit Court of Appeals for indexing the record when the same has already been properly printed and indexed in pursuance of a rule of the lower court.

THE facts, which involve the construction of the acts and rules of court regulating fees of clerks of the Circuit Courts of Appeals for indexing records on appeal, are stated in the opinion.

*Mr. W. H. Gorham* for Rainey.

No appearance for Grace & Company.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here on certificate from the Circuit Court of Appeals for the Ninth Circuit. The facts stated show that the appellant caused fifty or more copies of the apostles on appeal in an admiralty case to be printed under the first section of the act of Congress of February 13, 1911, c. 47, 36 Stat. 901. The appeal was taken from the District Court of the United States for the Western District of Washington, and the copies of the apostles were printed and indexed under a rule of that court adopted June 13, 1911, in pursuance of the act of February 13, 1911. In due time the appellant filed one of the printed copies, certified by the clerk and under the seal of the court below, in the Circuit Court of Appeals and moved that court to hear the case without the payment by the appellant of the fees of the clerk of the Circuit Court of Appeals for indexing the record, as prescribed by § 9 of rule 23 of that court, and without the payment by the appellant of the fees of the clerk for indexing the record and distributing copies as provided in that section. Section 9 provides:

"In all cases, including cases in which the record may have been printed under the Act of Congress approved

February 13, 1911, or otherwise, the fee of the clerk of this Court for performing the services herein required shall be twenty-five cents for each printed page of the record and index, as provided by law."

On this statement the Circuit Court of Appeals certifies to this court two questions, namely:

"1. When the appellant in a cause in admiralty causes to be printed and presented to this Court under said Act of February 13, 1911, printed copies of the apostles on appeal, each of which copies contains a printed index of the contents thereof and is prepared and printed under a rule of the lower Court adopted in pursuance of said Act, is this Court authorized to hear and determine the cause on such copies and to dispense with the requirement of the payment of fees to the Clerk of this Court by the appellant as prescribed by Section 9 of Rule 23 of this Court, which is the fee bill prescribed on February 28, 1898, by the Supreme Court under the Act of Congress of February 19, 1897, 29 Stat. 537 [536], which provides as a fee for 'Preparing the record for the printer, indexing the same, supervising the printing and distributing the copies, for each printed page of the record and index, twenty-five cents'?

"2. Does the first section of the Act of Congress of February 13, 1911, 36 Stat. 901, set aside by implication said fee bill so prescribed by the Supreme Court which is referred to in the first question herein certified?"

The answer to these questions requires a construction of the act of Congress of February 13, 1911, which is, in part, as follows (§ 1, 36 Stat. 901):

"That in any cause or proceeding wherein the final judgment or decree is sought to be reviewed on appeal to, or by writ of error from, a United States circuit court of appeals, the appellant or plaintiff in error shall cause to be printed under such rules as the lower court shall prescribe, and shall file in the office of the clerk of such circuit

court of appeals at least twenty days before the case is called for argument therein, at least twenty-five printed transcripts of the record of the lower court, and of such part or abstract of the proofs as the rules of such circuit court of appeals may require, and in such form as the Supreme Court of the United States shall by rule prescribe, one of which printed transcripts shall be certified under the hand of the clerk of the lower court and under the seal thereof, and shall furnish three copies of such printed transcript to the adverse party at least twenty days before such argument: *Provided,* That either the court below or the circuit court of appeals may order any original document or other evidence to be sent up in addition to the printed copies of the record or in lieu of printed copies of a part thereof; and no written or typewritten transcript of the record shall be required."

And a construction of the act requires a consideration of prior statutes on the subject. On February 19, 1897, c. 263, 29 Stat. 536, Congress passed an act amending the Circuit Court of Appeals Act of March 3, 1891, c. 517, 26 Stat. 826, providing:

"'The costs and fees in each circuit court of appeals shall be fixed and established by said court in a table of fees, to be adopted within three months after the passage of this Act: *Provided,* That the costs and fees so fixed by any court of appeals shall not, with respect to any item, exceed the costs and fees now charged in the Supreme Court.' Each circuit court of appeals shall, within three months after the fixing and establishing of costs and fees as aforesaid, transmit said table to the Chief Justice of the United States, and within one year thereof the Supreme Court of the United States shall revise said table, making the same, so far as may seem just and reasonable, uniform throughout the United States. The table of fees, when so revised, shall thereupon be in force for each circuit."

On February 28, 1898, this court by order (169 U. S. 740, 741) fixed a table of fees and costs in the Circuit Courts of Appeals, one paragraph providing:

> "Preparing the record for the printer, in-
> dexing the same, supervising the print-
> ing and distributing the copies, for each
> printed page of the record and index. . $0.25"

This is the charge provided for in rule 23 of the Circuit Court of Appeals referred to in the certificate.

Before the passage of the act of February 13, 1911, the clerks of the District and Circuit Courts charged for a transcript of the record in preparing the case for review in the Circuit Court of Appeals, which transcript was usually written or typewritten and not required to be printed, the fee for such service being fixed (§ 828, Rev. Stat.). The printing was done under the supervision of the clerk of the Circuit Court of Appeals after the allowance of appeal or writ of error under the regulations above set forth.

In this state of the law, Congress came to deal with the subject in the act of February 13, 1911, 36 Stat. 901. The act is entitled: "An Act To diminish the expense of proceedings on appeal and writ of error or of certiorari," and, especially when read in the light of the report of the Chairman of the Judiciary Committee in the House, which accompanied its introduction into that body, shows that its main purpose is to reduce the expense of records upon which cases may be taken to and considered in the Circuit Courts of Appeals and this court. This was to be accomplished by dispensing with a written or typewritten transcript of the record of the lower court and substituting therefor a certified copy of the printed record, other copies of which should be available for use in the further consideration of the case in the appellate courts. With these ends in view the act provides that the appellant or plain-. tiff in error shall cause to be printed under such rules as the lower court (the Circuit or District Court) shall pre-

scribe, and shall file in the office of the clerk of the Circuit Court of Appeals, twenty-five printed transcripts of the record. The form in which the transcript shall be printed, the act provides, shall be prescribed by this court, which on March 13, 1911, made the following order:

"It is ordered by the Court that the provisions of Rule 31 of the rules of this court shall apply to all records to be printed as provided in the act of Congress entitled 'An act to diminish the expense of proceedings on appeal and writ of error or of certiorari,' approved February 13, 1911."

Rule 31 prescribes, (222 U. S. appx., p. 36):

"*Form of printed Records and Briefs:* All records, arguments, and briefs, printed for the use of the court, must be in such form and size that they can be conveniently bound together, so as to make an ordinary octavo volume; and, as well as all quotations contained therein, and the covers thereof, must be printed in clear type (never smaller than small pica) and on unglazed paper."

Section 2 of the Act provides for the use of such printed transcripts of the record, should the case be taken from the Circuit Court of Appeals to this court. The evident purpose of the Act is therefore among other things, to save expenses incurred under the former system in printing records, the clerks' fees for supervising, etc.

In view of this history of the legislation and its manifest purposes we think that, when the court below by its rule had, as in the present case, provided for the printing and indexing of the record, which had been done, and the printed transcript had been filed under the statute with the clerk of the Circuit Court of Appeals, no fee for the like service can be charged by the clerk of the Circuit Court of Appeals. To permit this would be subversive of the purposes of the statute and a continuance of the system which the Act was designed to change.

It is true that there is no express repeal of the act of

February 19, 1897, granting authority to this court to fix the fees in the Circuit Courts of Appeals under which the rule referred to in the certificate was adopted and under which it is contended by the clerk of the Circuit Court of Appeals he is entitled to a fee for indexing, etc., and under which rule, if the clerk performs any of the services designated, he is entitled to the entire fee (*Bean* v. *Patterson,* 110 U. S. 401). It is equally true that repeals by implication are not favored and that it is only in cases of clear inconsistency that a later act will be held to repeal a former one on the same subject. We think that in the present case clear inconsistency exists and that the rule invoked in the certificate of the Circuit Court of Appeals cannot stand consistently with the act of Congress of February 13, 1911, on the same subject. See *King* v. *Cornell,* 106 U. S. 395.

It may also be true that the supervision by clerks of the Circuit Courts of Appeals will tend to uniformity of printing, better indexing and consequent greater facility in hearing cases upon appeal and writ of error. But Congress, with full authority, has regulated the matter, and it is the duty of the courts to enforce the legislation with a view to effecting the purposes for which it was enacted.

We are therefore of the opinion that the later act, that of February 13, 1911, repeals the table of fees as to the fees of the clerk of the Circuit Court of Appeals in the case mentioned under the facts certified. It follows that the first question certified by the Circuit Court of Appeals must be answered in the affirmative, and the second question also in the affirmative so far as the fee in question to the clerk of the Circuit Court of Appeals is involved.

*It is so ordered.*