### In re BURR MFG. CO.

### In re LEAVITT & GRANT.

(Circuit Court of Appeals, Second Circuit. May 19, 1914.)

### Nos. 279 and 262.

1. BANKRUPTCY (§ 481*)—COSTS ON PETITION FOR REVIEW—SUPERVISION FEE.

   A petition to revise in a bankruptcy proceeding is the equivalent of an appeal, for the purposes of Act Feb. 13, 1911, c. 47, 36 Stat. 901 (U. S. Comp. St. Supp. 1911, p. 275), which abolishes the clerk's supervision fee where a final order or decree is sought to be reviewed by the Circuit Court of Appeals on writ of error or appeal, and where the order sought to be revised is a final order the statute applies.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 886; Dec. Dig. § 481.*

   Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 481*)—"FINAL DECREE."

   An order in a so-called omnibus proceeding in bankruptcy, directing the distribution of the proceeds of sale of certain securities, is a final order, and so is a "final decree" within Act Feb. 13, 1911, c. 47, 36 Stat. 901 (U. S. Comp. St. Supp. 1911, p. 275), which abolishes the clerk's super-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vision fee where a final order or decree is sought to be reviewed by the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 886; Dec. Dig. § 481.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

Petitions to Revise Orders of the District Court of the United States for the Eastern and Southern Districts of New York.

In the matter of the Burr Manufacturing Company, bankrupt, and of Leavitt & Grant, bankrupts. On petitions to revise orders of District Court. Reversed.

See, also, 209 Fed. 138.

Franklin Taylor, of New York City (Joseph J. Zeiger, of New York City, of counsel), for petitioner.

Henry A. Blumenthal, of New York City, for trustee.

Before COXE and ROGERS, Circuit Judges, and HAND, District Judge.

PER CURIAM. [1] We think the motions in these cases should be granted. The decision of the Supreme Court in Rainey v. Grace, 231 U. S. 703, 34 Sup. Ct. 242, 58 L. Ed. 445, holds that where a final judgment or decree is sought to be reviewed by writ of error or appeal, the Act of February 13, 1911, abolishes the supervision fee.

[2] In the Matter of Leavitt & Grant, the order sought to be reviewed was an order in a so-called omnibus proceeding in bankruptcy directing the distribution of the proceeds of sale of certain securities among certain claimants. It was a final order, and so was a final decree within the meaning of the statute. As the review was by appeal, the case comes within the statute and the decision of the Supreme Court.

In the Matter of Burr Manufacturing Company, the review was by petition to revise under section 24b of the Bankruptcy Act of July 1, 1898 (30 Stat. 553, c. 541 [U. S. Comp. St. 1901, p. 3432]), and although the statute of 1911 only mentions reviews by writ of error or appeal, we think a petition to revise is the equivalent of an appeal for the purposes of this statute. The review was of an order confirming a resale of property in bankruptcy. Such an order is a final order for the purposes of appeal, and so the case comes within the provisions of the statute and the decision of the Supreme Court. The fact that the petitioner asked the court at the same time and on the same record to review a preliminary order setting aside a previous sale and directing a resale does not take the case out of the statute.

As the supervision fees are still in the clerk's possession and have not been accounted for to the government, they should be returned.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes