## LOVELL–McCONNELL MANUFACTURING COMPANY *v.* AUTOMOBILE SUPPLY MANUFACTURING COMPANY.

**APPLICATION FOR LEAVE TO FILE PETITION FOR MANDAMUS OR FOR A WRIT OF CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.**

No. 722.   Motion for leave to file petition for writ of mandamus or certiorari, submitted November 16, 1914.—Decided December 14, 1914.

In this case a petition for mandamus directing the court below to correct its action is denied and a petition for certiorari granted, and the parties having so stipulated, the papers filed are treated as the record, and the case regarded as submitted for decision on the merits.

Although the provisions in the Act of February 13, 1911, c. 47, 36 Stat. 901, in regard to clerk's fee for supervising printing the record, may not apply to appeals from every interlocutory decree, it does apply where the decree, as in this case, although interlocutory in character, is, within the intendment of the statute, a final decree. *Smith* v. *Farbenfabriken of Elberfeld Co.*, 197 Fed. Rep. 894, approved.

THE facts, which involve the construction of the act of February 13, 1911, 36 Stat. 901, amending the fee bill and its application to interlocutory decrees, are stated in the opinion.

. *Mr. Irving M. Obrieght* and *Mr. George C. Dean*, for Lovell-McConnell Co., in support of the motion.

*Mr. C. A. L. Massie* and *Mr. Ralph Lane Scott*, for Automobile Supply Co., in opposition to the motion:

The act of February 13, 1911, deals with a review by a Court of Appeals upon either "writ of error" or "appeal," as the case may be of "the final judgment or decree." The present controversy arises upon an appeal from an "interlocutory" decree, therefore the act does not here apply.

Prior to this act the fee bill imposed the so-called supervision fee of twenty-five cents for each page of the transcript on every appeal—whether from an interlocutory decree or from a final decree. The act deals exclusively with an appeal from "the final" decree; and being to that extent inconsistent with the fee bill, the requirement of the fee bill relating to an appeal from the final decree is repealed by implication.

Inasmuch as the act does not deal with appeals from interlocutory decrees, there is no implication of repeal of the requirement of the fee bill governing appeals from interlocutory decrees; that requirement remains in force.

If the implication of the act does not repeal the provisions of the fee bill governing appeals from "interlocutory" decrees, then the clerk was entitled to charge (in fact, it was his duty to charge) the full amount actually received, as an "indivisible fee." *Bean* v. *Patterson*, 110 U. S. 401.

This act has been considered judicially in only four reported decisions in the first of which the court suggested the desirability of further legislative action, which, however, has not yet been taken. See *Colt's Patent Fire Arms* v. *N. Y. Sporting Goods*, 186 Fed. Rep. 625; *Victor* v. *Hoschke, id.; Smith* v. *Farbenfabriken*, 197 Fed. Rep. 894.

This court has definitely settled that such decree—one awarding an injunction and an accounting in a patent suit—is an "interlocutory" decree and not a final one. *Ex parte National Enameling &c. Co.*, 201 U. S. 156.

In *Rainey* v. *Grace*, 231 U. S. 703, this court, in reaching its conclusions regarding the effect of the act upon the fee bill, noted that the act contains no express repeal of the earlier law; pointed out that repeals by implication are not favored, and that only in cases of clear inconsistency will a later act be held to repeal a former one. And, having before it an appeal from a final decree, this

court was careful to limit its decision to holding merely that the act repealed the fee bill in the case mentioned under the facts certified.

The act of February 13, 1911, must be regarded not as creating *de novo* entirely new rights, but as modifying or changing, or, by implication, repealing, certain already subsisting requirements created by the fee bill promulgated by this court under the authority of a prior statute.

When a provision is left out of a statute, either by design or mistake of the legislature, the courts have no power to supply it. To do so would be to legislate and not to construe. *Hobbs* v. *McLean*, 117 U. S. 567, 579.

In two bankruptcy cases where review was sought of certain decisions below, which the Court of Appeals held to constitute "final" decrees, the act was held to apply, and the clerk was directed to return the supervision fees to the parties who had paid them in. *In re Burr Mfg. Co.*, 215 Fed. Rep. 898; *In re Leavitt & Grant, id.*

The department of justice has taken the view that the act abolished the supervision fee in all cases. But, in *Rainey* v. *Grace*, 231 U. S. 703, this court held merely that by this act the supervision fee was abolished when the appeal was from a final decree in admiralty. It does not appear that this court intended to decide that the supervision fee was abolished in other cases presenting different facts.

The reply to petitioner's argument of convenience and that Congress intended to reduce the fees is that we have to accept the act as we find it; that its terms are plain and unambiguous; and that to construe the expression "the final judgment or decree" as meaning "the final judgment or every decree (whether interlocutory or final)," and to construe the expression "the final decree" as applying to an "interlocutory" decree—would be not to construe the law but to amend it. *Hobbs* v. *McLean*, 117 U. S. 567, 579; 36 Cyc. 1106–1113.

The requirement of the fee bill concerning appeals from interlocutory decrees remains unaffected by the act of February 13, 1911, and is still controlling of the case at bar.

In granting the order under review, the Court of Appeals was acting in strict conformity with the existing law, and properly directed the clerk to retain the supervision fee and to tax it against the defeated appellee.

The correctness of that order is so manifest that this court will forthwith either approve said order, or refuse to interfere with it.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

The application is for leave to file a petition for mandamus directing the court below to correct the action taken by it which is complained of or for the allowance of a certiorari to bring up the record in order that such complained of action may be reviewed. We decline to allow leave to file the petition for mandamus, but grant the petition for certiorari and conformably to the stipulation of the parties treat the document made a part of this proceeding as the record for the purpose of the certiorari and proceed to act upon the same treating the case as under submission on the merits.

The Automobile Supply Company appealed to the court below from an interlocutory decree in favor of the complainant, the Lovell-McConnell Company, finding that the patents sued on had been infringed and awarding an injunction and directing an accounting for damages and profits. On such appeal the Automobile Supply Company furnished the clerk of the court below a complete printed record accompanied with a written index of the contents of the same and in consequence of a demand made by the clerk deposited under protest the sum of $696.00 as a fee

due the clerk for supervising the printed record so furnished. When after a hearing the court reversed the decree of the trial court, the Automobile Supply Company called upon the clerk either to refund the money charged for supervision or to include it in his statement of the costs to be entered on the mandate. The clerk, being doubtful as to his duty in the matter, refused to do either and insisted that the propriety of the charge be tested to the end that he might act advisedly in the premises. The Automobile Supply Company thereupon moved to direct the clerk to include the supervision fee in the mandate or to refund the amount of the deposit which had been made. The court held that the charge for supervision was lawful and was therefore properly taxable as costs and directed the clerk to retain the money and include a charge for the same in the mandate. The application before us was then made by the Lovell-McConnell Company, the party cast and ultimately bound for the costs, both the parties, however, entering into the agreement as to the record and the submission on the merits which we at the outset stated.

Considering the act of Congress of February 13, 1911, c. 47, 36 Stat. 901, U. S. Comp. Stat. Supp. 1911, p. 275, in *Rainey* v. *W. R. Grace Co.*, 231 U. S. 703, it was held that the provisions of the act were applicable to the Circuit Courts of Appeals and it was consequently decided that where a printed transcript of the record was filed in compliance with the statute with the clerk of the Court of Appeals no supervision fee could be charged by such clerk. Of course, if that ruling is here applicable, the court below clearly erred in allowing the charge for supervision, and the only possible question therefore is whether the statute, although generally applicable to records filed in the Circuit Court of Appeals, is not so applicable in this case. It is insisted that it is not—and the court below so held—because as the statute only provides for an appeal from a "final judgment or decree," it does not apply to

a case like the one under consideration where the appeal was from a decree interlocutory in character. But without affixing to the statute a latitudinarian meaning upon the theory that to do so is essential to give effect to its purpose and intent and bring every interlocutory decree within its reach, we are of opinion that to exclude an interlocutory decree of the character of the one here involved from the operation of the statute would be to frustrate its plain purpose by a too rigid and unreasoning adherence to its letter. We so conclude because, while in a technical sense the decree here in question was interlocutory, when its character and the scope of the subject-matter which the appeal brought under review and the relief under it which it was competent to afford are considered, we are of opinion it must follow that such decree was within the intendment of this statute a final decree and therefore that error was committed in permitting the supervision charge. Indeed, this view was taken in a well considered opinion by the Circuit Court of Appeals for the Sixth Circuit in a case decided before the ruling in the *Rainey Case, supra* (*Smith* v. *Farbenfabriken* of, *Elberfeld Co.,* 197 Fed. Rep. 894), and we approve the reasoning by which the ruling in that case was sustained.

It results that the Circuit Court of Appeals erred in its order approving the charging and retaining the fee for supervision and such order is therefore reversed with directions to the court below to take such steps as may be necessary by recalling the mandate, if needs be, or otherwise, to afford the relief essential to give effect to the conclusions which we have expressed.

*Reversed.*