UNITED STATES v. MOTION PICTURE PATENTS CO. et al.

(District Court, E. D. Pennsylvania.   March 9, 1916.)

No. 889.

APPEAL AND ERROR ☞597(1)—RECORD—FORM.

Act Cong. Feb. 13, 1911, c. 47, 36 Stat. 901 (Comp. St. 1913, §§ 1656, 1657), provides that the appellant or plaintiff in error shall cause to be printed under such rules as the lower court shall prescribe, and file in the office of the clerk of the Circuit Court of Appeals, 25 printed transcripts of the record of the lower court, and of such part or abstract of the proofs as the rules of the Circuit Court of Appeals may require, and in such form as the Supreme Court shall prescribe, one of which transcripts shall be certified.   Supreme Court rule 31 (32 Sup. Ct. xiii) prescribes the form of printed records and briefs.   Equity rule 75 (198 Fed. xl, 115 C. C. A. xl) provides that the evidence to be included in the record on appeal shall not be set forth in full, but shall be stated in simple and condensed form, the testimony being stated only in narrative form, save that, if the parties desire it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness, that the appellant shall present his statement of the evidence, and that, if it be true, complete, and properly presented, it shall be approved by the court or judge.   Because of the anticipated bulkiness of the record in a suit in equity, the parties had the notes of the testimony transcribed directly into printed pages and bound into convenient volumes.   The record as so printed conformed to rule 31 and to the provisions of the statute.   *Held* that, while the record in this shape was found satisfactorily convenient, the District Court could not approve a transcript of the record for transmission to the Supreme Court without the statement in narrative form required by rule 75, unless leave to omit such statement was obtained from the Supreme Court, as it would be an eva-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sion of the duty imposed on the District Court to apply the exception contained in the rule as to setting forth parts of the testimony in full to the whole testimony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2627–2631, 2635–2638; Dec. Dig. ⊜⟾597(1).]

In Equity. Suit by the United States against the Motion Picture Patents Company and others. On petition for order respecting the record on appeal. Petition granted conditionally.

See, also, 225 Fed. 800.

Edwin P. Grosvenor, Sp. Asst. Atty. Gen., of New York City, for the United States.

Charles F. Kingsley, of New York City, Melville Church, of Washington, D. C., and R. O. Moon, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. The act of February 13, 1911, was passed to reduce the expense of appellate litigation and in relief of some of the labor involved in it. The present petition invokes the right of defendants to the benefits of the law. To this they are entitled. Rainey v. W. R. Grace & Co., 231 U. S. 703, 34 Sup. Ct. 242, 58 L. Ed. 445.

The taking of testimony was in progress when the present equity rules went into effect. The bulkiness of this part of the record was foreseen. The parties therefore resorted to the very sensible expedient of having the notes of testimony transcribed directly into printed pages and these bound into convenient volumes. This was so done as that the record thus printed conforms to the requirements of rule 31 of the Supreme Court (32 Sup. Ct. xiii) and brings the appellant within the provisions of the statute. Thus far no doubt of the proper course to be pursued could arise. The record would be certified in conformity with the statute. If this were done, however, the testimony and evidence would be returned in extenso as offered and introduced. This brings equity rule 75 (198 Fed. xl, 115 C. C. A. xl) into operation. The requirement of the rule that evidence be put in condensed and the testimony into narrative form would not be met. In the absence of a compliance with the rule in this feature, the court could not certify its approval of a "statement" which was entirely absent. To apply the exception, under which any part of the testimony may be set forth in full, to the whole testimony, would be an evasion of the duty imposed by the rule. The appellant and this court can be relieved of the obligation of rule 75 only by the Supreme Court

To facilitate any application which may be made to that court, we take the liberty of stating the result of our experience with the printed record of the testimony in its present shape to be that we found it satisfactorily convenient. We further state our willingness to approve the record returned in this form, provided the omission of a statement of the evidence in narrative form has the sanction of the appellate court. The prayer of the petition is therefore granted, to the extent that the record as printed and used in the hearing of the case in this court shall be used in the preparation and as part of the transcript of the record of this court in transmitting the record for

review; such printed record being found to comply with the requirements of the act of February 13, 1911. No transcript of the record for transmission to the Supreme Court will, however, be approved without the statement in narrative form required by equity rule 75, unless leave to omit such statement be granted by the Supreme Court.