WILLIAMSON v. ELECTRIC SERVICE SUPPLIES CO.

(Circuit Court of Appeals, Third Circuit. June 20, 1917.)

No. 2235.

APPEAL AND ERROR ⨀239, 719(10)—RESERVATION OF GROUNDS OF REVIEW—ASSIGNMENTS OF ERROR.

The Circuit Court of Appeals will not consider a question as to the costs which may be charged by the clerk of the District Court for certifying a record on appeal, where no costs were taxed in the District Court, there was no request to tax them, and no motion or decision is disclosed, and there is no assignment of error raising the question, which is presented only by an informal oral complaint at the bar.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2979, 2982, 3490.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit in equity by James E. Williamson against the Electric Service Supplies Company. From a decree (236 Fed. 353) dismissing the bill, plaintiff appeals. Affirmed.

J. F. Shrader, of Philadelphia, Pa. (John H. Roney, of Pittsburgh, Pa., of counsel), for appellant.

Charles N. Butler, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. We adopt as the opinion of this court what Judge Thompson has so well said in dismissing the bill. 236 Fed. 353.

The appellant seeks to raise a separate question to this effect: What costs may be charged by the clerk of a District Court for certifying a record on appeal that has been printed, not by himself, but by the appellant? On this subject a difference of opinion exists between the Eastern and the Western districts. In the Eastern district, 15 cents per folio is regarded as proper (Sarfert Co. v. Chipman [D. C.] 205 Fed. 937); while in the Western district a total charge of 50 cents only is allowed, as will appear by the unreported opinion (quoted in the margin)[1] delivered in January, 1915.

[1] Solomon v. American, etc., Ins. Ass'n, No. 433, November Term, 1911.

"Thomson, District Judge. From the judgment entered on the verdict against the defendant in the above-entitled case, the defendant appealed to the Circuit Court of Appeals. The company then presented its petition to this court, setting forth that the clerk of the United States District Court for this district had presented to petitioner a bill for services in connection with the record on the appeal amounting to $86.90. The petitioner averred that there is no provision in the law authorizing the charges in said bill and praying the court's ruling thereon. Respondent answered that each of the charges in said bill was properly made under section 828 of the Revised Statutes of the United States (U. S. Comp. St. 1916, § 1383); that the first charge of $86.40 was the clerk's services for examining, comparing, and certifying 576 pages of the printed record in said case, on the removal thereof to the Circuit Court of Appeals; that the second charge of 30 cents was for services in certifying to the said 576 pages as being a true and correct copy of said record, pursuant

Uniformity of practice on this subject is no doubt to be desired, but for the present we do not see our way to assist in reaching this result. On the record now before us the question has nowhere been raised, either in the District Court or here. Indeed, there is not a word in

to paragraph 8 of section 828 of the Revised Statutes; and that the third item of 20 cents was for attaching the seal of the court to the record.

"Prior to the passage of the act of Congress of February 13, 1911 (36 Stat. 901, c. 47 [Comp. St. 1916, §§ 1656, 1657]), the charges to which the clerk of a Circuit or District Court was entitled was a matter upon which the courts differed. That portion of section 828 of the Revised Statutes, relating to the fees in question, is as follows: 'For entering any return, rule, order, continuance, judgment; decree, or recognizance, or drawing any bond, or making any record, certificate, return, or report, for each folio, fifteen cents.' 'For a copy of any entry or record, or of any paper on file, for each folio, ten cents.' 'For affixing the seal of the court to any instrument, when required, twenty cents.' In Cavender v. Cavender (C. C.) 10 Fed. 828, the judge held that the transcript of the record on appeal, or writ of error, was only a copy, and that the clerk was only entitled to receive 10 cents a folio. In McIlwaine v. Ellington, (C. C.) 99 Fed. 133 it was held that the copy of the record of the trial court to be used in the Circuit Court of Appeals is a record for which the clerk is entitled to receive 15 cents a folio. In Mohrstadt v. Mutual Life Ins. Co. (C. C.) 145 Fed. 751, it was held that the making of the transcript, was a 'return' within the meaning of the statutes; while Judge Archbald, in Hoysradt v. Del., L. & W. R. R. Co. (C. C.) 182 Fed. 880, held the making and certifying of the transcript required was making a record within the meaning of the statute, entitling the clerk to 15 cents a folio.

"The question to be determined here is as to the effect of the act of Congress of February 13, 1911, assuming that under the former act the clerk was entitled to 10 or 15 cents per folio for making and certifying a transcript of a record on appeal. Bearing strongly on this question is the case of Rainey v. Grace & Co., 231 U. S. 703, 34 Sup. Ct. 242, 58 L. Ed. 445, which was decided on January 5, 1914. The court was there called upon to determine what fees the clerk of the Circuit Court of Appeals was entitled to on an appeal from the District Court since the passage of the act of 1911. In construing that act the court considered the prior statutes on the subject. On February 19, 1897, Congress passed an act (Act Feb. 19, 1897, c. 263, 29 Stat. 536 [Comp. St. 1916, § 1376]) amending the Circuit Court of Appeals Act of March 3, 1891 (26 Stat. 826, c. 517, § 2), in substance, that the costs and fees in the Circuit Court of Appeals should be fixed by that court in a table of fees, provided that the costs and fees so fixed shall not, with respect to any item, exceed the costs and fees now charged in the Supreme Court; that the table of fees so fixed by the several Circuit Courts of Appeals should be transmitted to the Chief Justice of the United States, and that the Supreme Court should revise the same, making the same so far as possible uniform throughout the United States; and that such revised table of fees shall thereupon be in force in each circuit. On February 28, 1898, the Supreme Court by order (169 U. S. 740) fixed a table of fees and costs in the Circuit Courts of Appeals, one paragraph thereof providing as follows: 'Preparing the record for the printer, indexing the same, supervising the printing and distributing the copies, for each printed page of the record and index, $0.25.'

"The court states that before the passage of the act of 1911 the clerk of the District Court or Circuit Court charged for a transcript of the record in preparing the case for review in the Circuit Court of Appeals, which was generally written or typewritten, the fee for such service being fixed by section 828 of the Revised Statutes, and that the printing was done under the supervision of the clerk of the Circuit Court of Appeals, after the allowance of the appeal or writ of error; that the act of 1911, entitled 'An act to diminish the expense of proceedings on appeal, or writ of error, or certiorari,' had for its main purpose the reduction of the expense of records upon which cases may be taken to, and considered by, the Circuit Court of Appeals and the Supreme Court; that this was to be accomplished by dispensing with a written or type-

either court that refers to it, even remotely. No costs were taxed in the District Court, there was no request to tax them, and no motion or decision is disclosed. There is no assignment of error raising the question we are now asked to decide, and of course the matter does not primarily concern the practice in the office of our own clerk. We have nothing but an informal oral complaint at bar that error was commit-

written transcript of the record of the lower court and substituting therefor a certified copy of the printed record, other copies of which should be available for use in the further consideration of the case in the appellate courts; that to effect this purpose the appellant, or plaintiff in error, shall cause to be printed, and shall file in the office of the clerk of the Circuit Court of Appeals. 25 printed copies of the records, the form in which the transcript shall be printed to be prescribed by the Supreme Court, which was accordingly done by order of that court on March 13, 1911 (see rule 31, 222 U. S. Appendix, page 36, 32 Sup. Ct. xiii). The court held that the evident purpose of the act, among other things, was to save expenses incurred under the former system in printing records, the clerk's fees for supervising, etc., and that, when the court below had by rule provided for the printing and indexing of the record and the filing of the printed transcript in the Circuit Court of Appeals, no fee for like services could be charged by the clerk of that court; that while there was no express repeal of the act of 1897, and that while repeals by implication are not favored, in this case such clear inconsistency exists that it cannot stand consistently with the act of February 13, 1911. The court therefore held that the latter act repeals the table of fees fixed by the Supreme Court as to the fees of the clerk of the Circuit Court of Appeals, in connection with the transcript of the record sent up on an appeal.

"In the later case of Lovell-McConnell Mfg. Co. v. Automobile Supply Mfg. Co., 235 U. S. 383, 35 Sup. Ct. 132, 59 L. Ed. 282, in an opinion filed December 14, 1914, the Supreme Court held, in harmony with the above opinion, that when a printed transcript of the record was filed with the clerk of the Circuit Court of Appeals in compliance with the act of 1911, no supervision fee could be charged by such clerk; and they held, reversing the Circuit Court of Appeals, that an appeal, taken from an interlocutory decree entered by the court below was within the intendment of the statute, a final decree, and that the clerk was not entitled to a supervision fee therefor. In that case the Supreme Court adopted the reasoning of the learned judge in the case of Smith v. Farbenfabriken, 197 Fed. 894, 117 C. C. A. 133.

"From the reasoning of the court in the foregoing cases, I feel constrained to hold that the clerk of the District Court is not entitled to the fee of 15 cents per folio, for examining, comparing, and certifying 576 pages of the printed record as charged, amounting to the sum of $86.40. Whatever may have been the correct interpretation of section 828 of the Revised Statutes for the services of the clerk in preparing and certifying a transcript of the record, it seems quite clear that he is not entitled to the same fees under the act of 1911. The purpose of the act is to diminish the expenses on appeals. and this is largely effected by requiring the appellant, or plaintiff in error, to file printed copies of the record. Before this act was passed, the District Court clerk had to prepare the case for review, making a written or typewritten transcript of the records: the printing being done under the supervision of the clerk of the Circuit Court of Appeals. The full transcript of the record is printed and filed by the appellant, and the clerk simply certifies or attaches his certificate to one of such printed transcripts. For this certificate he is entitled to be paid the usual fee, and also the fee prescribed for attaching thereto the seal of the court. But the certificate does not include that to which it is attached. United States v. Julian, 162 U. S. 324, 16 Sup. Ct. 801, 40 L. Ed. 984. When fees are claimed by a public officer, he must be able to point to the provision of the statute under which they are allowed; otherwise, they are not recoverable.

"I therefore conclude that the charge of $86.40, as made by the clerk in this case, is not legally collectible."

ted below, while the record does not show that anything whatever was done. In effect, therefore, we are asked to give an opinion on a question that not only does not appear to have been raised, but has not been brought before us according to any rule. The appellant has not even filed a motion in the Circuit Court of Appeals, and we do not know what order we are asked to make, except as we may gather it from the appellant's brief. As is well known, this court is not disposed to be rigorous in matters of practice, but the situation now in hand makes too large a demand on our leniency. We have, however, gone so far as to inquire from the district clerk what was done in his office, and we learn that the appellant did no more than make an oral offer to pay 50 cents for the certificate, and that this was declined by the clerk, after which nothing further was done either by him or by the District Court. Some attention at least must be paid to regularity of procedure, and as matters stand we feel justified in refusing to answer the question that has been propounded. This is a court of appeal, and not a court of first instance.

The decree is affirmed, at the costs of the appellant.