ed by law," and section 317 (Criminal Code § 194) under which the prosecution proceeded expressly provides that the unlawful and knowing possessor of stolen mail matter may be imprisoned for five years. The sentence of four years is valid. Platek when paroled, therefore, had about two years of his sentence to serve, not counting good time allowance. A few months later he was convicted of a burglary or larceny, and it is not denied that he thereby violated his parole. He became liable to rearrest. A warrant was promptly issued, but he was in the hands of the state authorities and could not be retaken. Ableman v. Booth, 21 How. 506, 16 L. Ed. 169. The warrant was promptly executed after his release from the state penitentiary and his parole was thereafter promptly revoked. 18 USCA § 719 declares: "If such order of parole shall be revoked and the parole so terminated, the said prisoner shall serve the remainder of the sentence originally imposed; and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced." If the prisoner stands parole without a breach of it, his sentence expires just as though he were serving it inside the penitentiary, deduction for good conduct being similarly allowed, section 716; but if he breaks parole and parole is revoked, only the time served in the penitentiary counts, that spent on parole is expressly excluded. After breaking parole, until the prisoner is returned to the penitentiary, the running of his sentence is as much suspended as though he had escaped. He can be arrested and returned to finish serving it though the time may have passed at which but for parole it would have been completed. Anderson v. Corall, 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247; Stockton v. Massey (C. C. A.) 34 F.(2d) 96. No question of good-time deduction arises in the present case although argued, because nothing in the record shows that Platek has earned any. The only mention of it is the notation in the penitentiary record: "Earns no good time. Has 702 days to serve." See on the point, however, Morgan v. Aderhold (C. C. A.) 73 F.(2d) 171, this day decided. There was no error in discharging the writ.

 Platek's second petition he styles an application for mandamus and injunction. It was filed after the preceding one was disposed of. It prays not for a writ of habeas corpus nor for discharge from imprisonment, but claims that he was entitled to certain good-time deductions under 18 USCA § 710 when paroled, that his parole was revoked after his original sentence had expired and the warden had wrongfully annulled his good time for the past and future service. A mandamus or injunction is sought to prevent this. A second cause of complaint is that the warden had refused to ship petitioner's clothing back to his wife. This novel petition was rightly dismissed. The prison system of the United States is under the control of the Attorney General and Superintendent of Prisons, and not of the District Courts. The court has no power to interfere with the conduct of the prison or its discipline, but only on habeas corpus to deliver from the prison those who are illegally detained there. It is well settled that the District Courts cannot unless specially authorized by statute issue an original writ of mandamus. Covington & Cincinnati Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111; Fineran v. Bailey (C. C. A.) 2 F.(2d) 363; Herkness v. Irion (D. C.) 11 F.(2d) 386. The courts of the District of Columbia have broader powers over officials there resident. The equitable remedy of injunction is not available touching good time deductions, for equity does not meddle with matters of criminal law unless property rights are to be protected. As to the clothing, no case for equitable interference appears. We know of no law requiring the Warden at his own expense to make any sort of shipment from the prisoner to his wife.

Judgments affirmed.

## In re KING.
### No. 7569.

Circuit Court of Appeals, Fifth Circuit.
Oct. 25, 1934.

Hugh C. Wilkinson, of Birmingham, Ala., for petitioner.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an original petition for mandamus. It alleges: Petitioner has taken an appeal to this court from an order of the District Court for the Southern District of Alabama disallowing for the most part his claim against the bankrupt in a proceeding in bankruptcy styled In re Mobile Broadcasting Corporation, Bankrupt. The District Judge allowed an appeal in the bankruptcy case, and approved the transcript of the evidence, which is on file with the clerk of the District Court. Petitioner requested the clerk to deliver to him "the transcript of evidence and the other papers in said cause that were necessary to have printed * * * in order that your petitioner might have the record in such cause printed [and] then certified by said clerk and filed with this Court, as required by law." The clerk refuses "to deliver said papers to your petitioner, or to allow him to obtain possession of the same," and justifies his conduct by relying upon the following rule of the District Court: *"Printing Record on Appeal.* When the final judgment or decree of this Court, in any cause or proceeding, is sought to be reviewed on appeal to the United States Circuit Court of Appeals, the record, that the appellant is required by law to print and file in the office of the Clerk of the Circuit Court of Appeals, shall be printed under the supervision of the Clerk of this Court, who shall retain in his custody and control at all times the original papers, records and documents pertaining to the case, unless the Court should order specially otherwise. For collating and comparing the printed transcript with the original record, and for indexing and certifying the same, the Clerk may charge and collect such fees as may be allowed by law for such services." After the clerk's refusal of his request, petitioner applied to the District Judge to waive or modify that rule of the court in order that he might have the record printed, but this the judge refused to do. Petitioner can have the record printed in Birmingham for $250, but the clerk demands a deposit of $500 and insists upon having it printed under his super-

vision. Petitioner offers to return all papers in the case on appeal to the clerk as soon as the printing can be done by the printer selected by him.

The petition prays that the judge and the clerk be required to show cause why a writ of mandamus should not issue, commanding them to deliver to petitioner "all the papers, including the transcript of the evidence," for the purpose of having the record printed. A rule to show cause was issued, and in answer to it the respondents admit that petitioner requested permission from each of them to take the files and the papers in the bankruptcy case to Birmingham, outside the district, for the purpose of having the record printed, and that they have each declined to grant his request, because of the rule of court cited in the petition. The clerk answered also that he had carefully estimated the cost of preparing, printing and certifying the record, and that such cost would be $520, according to his estimate.

It is thus made apparent that the clerk takes the position that he has the right to let the contract for the printing of the record. We think he is mistaken. It is provided by statute that the appellant in a case "shall cause to be printed under such rules as the lower court shall prescribe, and shall file in the office of the clerk of such circuit court of appeals * * * at least twenty-five printed transcripts of the record of the lower court, * * * one of which printed transcripts shall be certified under the hand of the clerk of the lower court and under the seal thereof; * * * and no written or typewritten transcript of the record shall be required." 28 USCA § 865. The appellant himself is therefore entitled to have the record printed, and is not obliged to let the clerk of the District Court have it printed or supervise the printing of it. See Rainey v. Grace & Co., 231 U. S. 703, 34 S. Ct. 242, 58 L. Ed. 445. The requirement of the rule of the District Court above quoted, to the effect that the record shall be printed under the supervision of the clerk thereof, runs counter to the statute, and hence may not be enforced. The fees of the clerk of the District Court, in so far as they are here material, are enumerated in 28 USCA § 555. The clerk is allowed 15 cents a folio for a copy of any record, entry, or other paper, or for making and comparing a transcript of record on appeal when required or requested, and 5 cents a folio for comparing any transcript, copy of record, or other paper with the original. If the appellant, proceeding under 28 USCA §

865, causes a record to be printed, one of the printed transcripts is certified by the clerk, and it takes the place of, and dispenses with the necessity theretofore existing of requiring, a written or typewritten transcript of the record. In that event the clerk is only entitled to the fees under 28 USCA § 555 for making copies of original records, entries, and papers, and for comparing copies, including a printed copy of the transcript, with the originals on file in his office. But the appellant is not entitled to take out of the clerk's office original court records, such as transcripts of evidence, bills of exceptions, or other original papers and documents on file in the case, for the purpose of having printed copies made, and a rule which prevents him from doing so is well within the discretion of the District Court. He must pay the clerk for copies of such original papers on file as he needs for printing and for comparing with the originals any copies furnished by him. The petition discloses that petitioner's request was for original court files, and not for copies for which he offered to pay the fees allowed by law.

The rule to show cause is discharged, and the petition for mandamus is denied.

## MATHESON et al. v. NORFOLK & NORTH AMERICA STEAM SHIPPING CO., Limited, et al.
### No. 7438.

Circuit Court of Appeals, Ninth Circuit.
Oct. 22, 1934.

R. G. Wright, H. B. Jones, Robert Bronson, and Wright, Jones & Bronson, all of Seattle, Wash., for appellants.

Erskine Wood and Wood, Montague, Matthiessen & Rankin, all of Portland, Or., for appellee Norfolk & N. A. Steam Shipping Co.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.